UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-CR-106 (NEB/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

                             **UNOPPOSED MOTION FOR A**

v.                            **PROTECTIVE ORDER**

OLUMIDE OBIDARE,
A/K/A REMY ADAMSON,
A/K/A MICHEAL BRYAN,
A/K/A M.H.,
A/K/A REMY JENSON,
A/K/A JADEN MICHEL,
A/K/A MATTEW MIHEL,
A/K/A ISRIAELI MIKEL,
A/K/A ALLEN PETERSON,
A/K/A DANIEL THOMPSON,
A/K/A DON WILLIAMS,

        Defendant.

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Miranda E. Dugi, Assistant United States Attorney, hereby moves the Court for an order protecting the dissemination of discovery in this case, including personal identifying information ("PII") of victims and witnesses, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Counsel for the defendant confirmed that the defendant did not oppose this motion via phone.

In support of its motion, the United States alleges and states the following:

1.      The defendant was charged by Indictment with conspiracy to commit wire fraud (18 U.S.C. § 1349), wire fraud (18 U.S.C. § 1343), and aggravated identity theft (18

1

U.S.C. § 1028A). (Doc. 1: Indictment).

2.      Discovery in this case includes documents and other items that contain personally identifiable information of real persons, including victims and witnesses of the crime alleged, including names, dates of birth, social security numbers, account numbers, and other identifiers.  While materials may be made available for inspection by the defendant at the United States Attorney's Office, the parties anticipate that discovery will be produced directly to defendant's counsel via electronic means.

3.      Unrestricted disclosure and/or dissemination of this information could result in a variety of harms.  These include violating the privacy rights of victims and witnesses stemming from the disclosure of personally identifiable information.  Dissemination of such information may also pose a risk of further identity theft or similar harm.  The ease with which electronic information may be copied and disseminated compounds the risks of such harm.  Additionally, this case relates to an ongoing investigation into a conspiracy. Given the ongoing nature of the investigation and the involvement of as-yet unindicted coconspirators, the need to protect witness security and the integrity of the investigation is evident.  These factors weigh against unrestricted disclosure of discovery materials.  In an effort to avoid such harms, and mindful of its obligation to protect sensitive victim and witness information, the government submits the proposed protective order.

4.      The materials are voluminous and contain sensitive financial and other information belonging to the victim organization and others.  Given the volume of the information, redaction of the materials would be unduly burdensome, and would

potentially impede defense counsel's preparation by making it difficult to understand and evaluate the materials with extensive redactions.

5.      Discovery of evidence in criminal cases is governed by the provisions of Federal Rule of Criminal Procedure 16(d)(1), which grants trial courts broad powers to regulate and protect discovery through the use of protective and modifying orders: "At any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

6.      The use of protective orders to restrict the use of discovery materials is well established. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against the unwarranted disclosure of materials which they may be entitled to inspect.") (citing a prior version of the Rule 16); *United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004) (affirming the district court's order to limit the defendant's access to discovery materials to protect witness security); *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978) (affirming use of protective order "to protect the identity of persons cooperating on the case").

7.      Accordingly, the United States respectfully requests that the Court enter a Protective Order limiting the dissemination of "Protected Material." Protected Material includes materials disclosed by the United States, regardless of form, that contain personally identifiable information including but not limited to names, dates of birth, social security numbers, account numbers or other identifiers not belonging to the defendant.

3

8.     It is further requested that the Protective Order state:

a.     Protected Material shall be held in strict confidentiality by defendant's counsel and may be used only for purposes of this litigation;

b.     Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order;

c.     All individuals having access to the Protected Material shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms;

d.     Counsel for the defendant shall limit the reproduction of the Protected Material to activities necessary to function as counsel to the defendant in this action. To the extent that notes are made that memorialize, in whole or in part, Protected Material, such notes become Protected Material subject to the Protective Order;

e.     No Protected Material may be retained by the defendant in this case;

f.     Use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order punishable by sanctions, including contempt of court;

g.     Any filings with the Court that contain Protected Material shall be filed under seal and handled consistent with Rule 49.1; and

h.      Any materials containing the Protected Material, and all copies of them, must be destroyed or returned to the government within thirty days of the conclusion of this litigation.

Date:  June 14, 2021                         Respectfully Submitted,

W. ANDERS FOLK
Acting United States Attorney

*/s/ Miranda E. Dugi*

BY:  MIRANDA E. DUGI
Assistant United States Attorney
Attorney No. 5140546 (NY)

5